IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>JAMES MULLEN<br>a/k/a James Robert Mullen<br>a/k/a James Mullen | :<br>: CHAPTER 13<br>:<br>:<br>:<br>: |
| Debtor | : CASE NO. 5-22-00237 |

BRIEF IN SUPPORT OF DEBTOR'S MOTION TO DEEM BANKRUPTCY
FILING EFFECTIVE AS OF FEBRUARY 4, 2022

AND NOW COMES, James Mullen, the Debtor, by and through his Counsel, Tullio DeLuca, Esq. and files this Brief in Support of Debtor's Motion to Deem Bankruptcy Filing Effective as of February 4, 2022 as follows:

I. **STATEMENT OF FACTS**

In 2003 Debtor, James Mullen, executed a mortgage upon the property located at 539-541 N. Garfield Ave., Scranton, PA 18504. In 2015 Debtor fell behind in his mortgage payments. In December, the holder of the note, Loancare, LLC., filed a Notice of Sheriff's Sale of Real Property and the Lackawanna County Sheriff's Office scheduled a sale of the mortgaged property. Upon receipt of the Notice of Sheriff's Sale, Debtor contacted Loancare, LLC to pursue loss mitigation option, specifically a loan modification.

Debtor, on multiple occasions, attempted to engage in loan modification with Loancare, LLC. Additionally, Debtor submitted documentation to Loancare, LLC and believed that Loancare, LLC was processing the modification, and that the sheriff's sale would not take

1

place.

Debtor later learned that the sheriff's sale of his property would in fact proceed on February 4, 2022. Debtor received no information that Loancare, LLC denied the modification of the mortgage. On February 4, 2022, at approximately 9:00 a.m., Debtor, acting *pro se*, proceeded to the United States Bankruptcy Court in Wilkes-Barre, Pennsylvania, to file a petition for Chapter 13 Bankruptcy. Upon arrival at the Court, he learned that it was closed due to inclement weather. Thus, Debtor could not file his Chapter 13 Bankruptcy Petition. Debtor later learned that the sheriff's sale of his property took place and was sold to Loancare, LLC for the amount outstanding on the mortgage.

Debtor returned to the Bankruptcy Court in Wilkes-Barre, Pennsylvania on February 8, 2022, and filed his Chapter 13 Petition. That date was the soonest available date for Debtor to file his petition, as he had an employment obligation on February 7, 2022. Following this, Debtor retained the above-mentioned counsel to represent him in the bankruptcy proceedings.

On April 16, 2022, Debtor, through his counsel, filed a Motion to Deem Bankruptcy Filing *Nunc Pro Tunc* and Effective as of February 4, 2022. This Honorable Court issued an Order directing Debtor to file a Memorandum of Law related to his motion on or before May 16, 2022.

II. **QUESTION PRESENTED**

Whether the Bankruptcy Court should grant Debtor's Motion to accept Debtor's Chapter 13 Petition *nunc pro tunc* and deem it effective as of February 4, 2022?

2

III. **ARGUMENT**

Pursuant to Rule 5005(a) an individual filing a Bankruptcy Petition or other required paperwork must file those documents "with the clerk in the district where the case under the Code is pending." Fed. R. Bankr. P. 5005(a)(1). Further, an individual not represented by an attorney may utilize the electronic filing system only if the court allows via court order if allowed by a local rule. Fed. R. Bankr. P. 5005(a)(2)(B)(i). Also, an unrepresented individual "may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." Fed. R. Bankr. P. 5005(a)(2)(B)(ii). Upon review of the Local Rules of Bankruptcy Procedure for the Middle District of Pennsylvania, it does not appear as though an individual is required to utilize the electronic filing system. Rather the local rule, specifically Rule 5005-1, seems to mirror Rule 5005 of the Federal Rules. Thus, an unrepresented individual may, but is not required to utilize the electronic filing system.

Additionally, according to the Advisory Committee Notes related to the 2018 Amendments to Rule 5005, filings by an unrepresented individual are treated separately. The rationale is that the Bankruptcy Court System cannot assume that pro se litigants are able to take advantage of the electronic filing system.

In the instant matter, Debtor, acting *pro se*, at the time, attempted to file his Chapter 13 Bankruptcy Petition on February 4, 2022, in person at the Bankruptcy Court in Wilkes-Barre, Pennsylvania. As noted he was unable to do so because the court was closed due to inclement weather.

Bankruptcy Courts enjoy discretion to grant retroactive relief for a multitude of reasons.

3

The majority reasoning seem to be for granting relief from the automatic stay, *nunc pro tunc*, as well as for approving the employment of professionals *nunc pro tunc*. See In re Myers, 334 B.R. 136, 147 (E.D. Pa. 2005), aff'd, 491 F.3d 120 (3d Cir. 2007) ([I]n certain circumstances, courts may validate violations of the stay retroactively by 'annulling' the stay nunc pro tunc."); see also Matter of Arkansas Co., Inc., 798 F.2d 645, 646 (3d Cir. 1986) (*holding* that bankruptcy courts may, in extraordinary circumstances, grant retroactive approval of professional employment.); F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 101 (3d Cir. 1988).

When determining whether to grant retroactive relief from the automatic stay courts have considered multiple factors, which include

> (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violations; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken.

In re Cunningham, 506 B.R. 334, 343–44 (Bankr. E.D.N.Y. 2014) (*citing* In re Stockwell, 262 B.R. 275, 281 (Bankr.D.Vt.2001)).

Should this Honorable Court utilize the above factors, modified for the issue at hand, they would weigh in favor of granting Debtor's request. For example, although the creditor, Loancare, LLC, may not have had knowledge of the filing of the Bankruptcy Petition, Debtor

4

did not have the opportunity to notify Loancare, LLC, of the filing as he received last-minute notice that the sheriff's sale of his property was to take place on February 4, 2022. Debtor did not act in bad faith in filing his Bankruptcy Petition. Rather, he attempted to modify the mortgage with Loancare, LLC and was under the assumption that the modification was in process and that the sale would not proceed. Contrarily, it appears as if Loancare, LLC acted in bad faith when it allowed Debtor to believe that the mortgage modification was in process.

Loancare, LLC did not indicate to Debtor that the modification was denied. Instead Loancare, LLC ceased communicating with Debtor altogether. Further, Debtor even completed the required bankruptcy counseling on February 3, 2022, in order to proceed with his Bankruptcy Petition.

There is equity in the property at issue and the property is necessary for Debtor's reorganization of his debts. Debtor resides in the property. Further, had the Bankruptcy Court been open on February 4, 2022, Debtor would have timely filed his Chapter 13 Petition and would have obtained relief from the sheriff's sale via the automatic stay. Here, granting of Debtor's requested relief would not cause unnecessary expense to the creditor since the creditor was the purchaser at the sheriff's sale.

There are sufficient grounds for this Court to grant relief requested as Debtor attempted to file bankruptcy petition in a timely manner before the Sheriff Sale. He was deprived of such right due to inclement weather and closing of the Wilkes-Barre courthouse. The undersigned counsel has confirmed with Terry Miller, the Bankruptcy Clerk, that the physical building was closed. Any attempts to contact bankruptcy clerk representative to find alternatives ways to

file bankruptcy petition prior to Sheriff Sale were unsuccessful. Given the extraordinary circumstances, a pro se bankruptcy filer should be allowed leeway in the instant case and said bankruptcy filing should be deemed filed as of February 4, 2022 prior to Sheriff Sale. Any other result would be unjust and unfair to the Debtor because he had no control over the inclement weather and bankruptcy courthouse building being closed. The Debtor acting pro se had no ability to file Petition via electronically to save his house. The intent of the Debtor to file bankruptcy prior to Sheriff Sale is clear with Counseling Certificate issued the day before the sale on February 3, 2022. He made every attempt to file the bankruptcy petition if said building was not closed, the filing would have been accepted February 4, 2022 prior to the sale and the automatic stay would have prevented Loan Care to proceed with the sheriff sale of the property. The equities favor the granting of Debtor's request to deem bankruptcy filing effective February 4, 2022 prior to Sheriff Sale.

In the Pennsylvania State Court System, *nunc pro tunc* relief may be granted only "when a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130, 1131 (Pa. 1996) (citations and internal quotation marks omitted). Further, courts will look to whether the delay was a result of non-negligent circumstances of the filer, the length of the delay in filing, and whether there is prejudice to the opposing party. See Criss v. Wise, 781 A.2d 1156, 1159 (Pa. 2001) (citing Bass v. Commonwealth, 401 A.2d 1133 (Pa. 1979)).

Should this Honorable Court utilize the Pennsylvania State Court's factors in making its

6

determination, they again would weigh in favor of Debtor. Here, the delay in Debtor's filing was not cause by his own negligence. Rather, it was caused by a breakdown in the Bankruptcy Court's operation due to inclement weather. Further, the delay in Debtor's filing was not unreasonably lengthy. Specifically, Debtor attempted to file his Bankruptcy Petition on Friday, February 4, 2022, but for the reasons previously stated, could not. He then returned on Tuesday, February 8, 2022, as this was the first day he was available, due to his employment schedule. Granting Debtor's request would not prejudice the creditor, since it was the purchaser of the property at the sheriff's sale and has alternate remedies to seek relief from the automatic stay.

IV. **CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that this Honorable Court grant his Motion to Deem Bankruptcy Filing Effective as of February 4, 2022, as set forth above and such other relief as is deemed necessary.

                            Respectfully Submitted,

                            By: /s/Tullio DeLuca
                              Tullio DeLuca, Esq.
                              Counsel for Debtor
                              381 N. 9th Ave.
                              Scranton, Pa 18504
                              (570) 347-7764

Case 5:22-bk-00237-MJC    Doc 32    Filed 05/16/22    Entered 05/16/22 10:43:24    Desc
Main Document    Page 7 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JAMES MULLEN | : | |
| a/k/a James Robert Mullen | : | |
| a/k/a James Mullen | : | |
| | : | |
| Debtor: | : | CASE NO. 5-22-00237 |

*************************************************************************
**CERTIFICATE OF SERVICE**
*************************************************************************

The undersigned hereby certifies that on May 16, 2022, he caused a true and correct copy of Debtor's Brief in Support of Debtor's Motion to Deem Bankruptcy Filing Effective as of February 4, 2022 to be served via electronic filing to the CM/ECF participant at the following:

Jack N. Zaharopoulos, Esq. at info@pamd13trustee.com

Christian Miller, Esq. at chmiller@raslg.com

Date: May 16, 2022      /s/Tullio DeLuca
                        Tullio DeLuca, Esq.