# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# WILKES-BARRE DIVISION

| | |
|---|---|
| In re:<br><br>**James Robert Mullen,**<br>              Debtor.<br><br>**James Robert Mullen,**<br>              Movant,<br>  v.<br>**LoanCare, LLC,**<br>              Respondent. | Bankruptcy **5:22-bk-00237-MJC**<br><br>Chapter 13<br><br>Related to Doc. No. **27**<br><br>Hearing: May 19, 2022 at 10:00 AM |

## LOANCARE, LLC'S OBJECTION TO DEBTOR'S MOTION TO DEEM BANKRUPTCY FILING EFFECTIVE AS OF FEBRUARY 4, 2022

The undersigned, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for Secured Creditor, LoanCare, LLC, ("Secured Creditor"), hereby objects to Debtor's Motion to Deem Bankruptcy Filing Effective as of February 4, 2022 ("Motion") (DE #27), and in support thereof states as follows:

1. On May 25, 2013, James R. Mullen made, executed and delivered a note and mortgage secured by the subject property located at 539-541 North Garfield Avenue, Scranton, PA 18504.

2. The Note and Mortgage has subsequently been assigned to Secured Creditor.

3. On February 20, 2018, a prior assignee of the note and mortgage filed a Complaint in Mortgage Foreclosure in the Court of Common Pleas - Lackawanna County (Docket No.: 18-CV-1225) due to a default of the terms of the note and mortgage for failure to maintain all contractual payments due under the obligation.

4. On September 4, 2018, a Praecipe for In Rem Judgment for Failure to Answer and

Assessment of Damages was entered against James R. Mullen in the total amount of $111,408.98.

5. The subject property located at 539-541 North Garfield Avenue, Scranton, PA 18504 was scheduled to be sold at Sheriff's Sale on November 12, 2019 at 10:00 AM. <u>See</u> Notice of Sheriff's Sale of Real Property attached as Exhibit "A".

6. The Sheriff's Sale of Debtor's real property was subsequently rescheduled for February 4, 2022 at 10:00 AM. <u>See</u> Notice of Sheriff's Sale of Real Property attached as Exhibit "B".

7. Debtor received notification of the February 4, 2022 sheriff's sale on November 18, 2021 and December 29, 2021. <u>See</u> Affidavit of Service Pursuant to Pa.R.C.P. Rule 3129.2 dated January 27, 2022 attached as Exhibit "C"..

8. On February 4, 2022, the Sheriff's Sale of the subject property located at 539-541 North Garfield Avenue, Scranton, PA 18504 completed with the property being sold back to Secured Creditor, LoanCare, LLC.

9. On February 8, 2022, Debtor filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania (5:22-bk-00237-MJC).

10. On April 16, 2022, Debtor filed a Motion to Deem Bankruptcy Filing Effective as of February 4, 2022 (Doc.: 27). Debtor's Motion asks this Court to retroactively apply the Automatic Stay to a period of time prior to the filing of the current case.

11. The Bankruptcy Code is quite clear as it pertains to the commencement of the Automatic Stay upon the filing of a bankruptcy petition. The Bankruptcy Code

provides, "A case… is commenced by the filing with the bankruptcy court of a petition…". 11 U.S.C. §301(a). Furthermore, the commencement of a voluntary case… constitutes an order for relief [imposing the automatic stay]. 11 U.S.C. §301(b). Finally, the Bankruptcy Code also provides, "[pleadings] shall be filed with the clerk in the district where the case… is pending" and "the courts shall be deemed always open for the purpose of filing any pleading or other proper paper…" 11 U.S.C. §5005(a) and 5001(a). From these provisions, it is clear that the Automatic Stay cannot commence until the actual filing of a bankruptcy petition, regardless of the debtor's intentions.

12. Despite the status of the Bankruptcy Court on February 4, 2022, this Court has a specific mechanism by which Debtor could have filed the bankruptcy petition via facsimile pursuant to this Court's Local Rules. See "After Hours Filing Procedures for Non-Electronic Filers via Facsimile" attached as Exhibit "D".

13. Despite receiving notice of the scheduled Sheriff's Sale months in advance, Debtor chose to attempt to file the instant case on the morning of the sale in question. In the "Filing Without an Attorney" section of this Court's official website, it reads: "If you choose to represent yourself, you will be expected to comply with all applicable law and procedures, just like an attorney." See "Filing Without an Attorney" attached as Exhibit "E".

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court deny Debtor's Motion thereby establishing that the Automatic Stay was not in effect on February 4, 2022, and for such other and further relief as the Court may deem just and proper.

Dated: May 16, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/   Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

| | |
|---|---|
| In re:<br><br>**James Robert Mullen,**<br>    Debtor.<br><br>**James Robert Mullen,**<br>    Movant,<br> v.<br>**LoanCare, LLC,**<br>    Respondent. | Bankruptcy **5:22-bk-00237-MJC**<br><br>Chapter 13<br><br>Related to Doc. No. **27**<br><br>Hearing: May 19, 2022 at 10:00 AM |

## ORDER DENYING DEBTOR'S MOTION TO DEEM BANKRUPTCY FILING EFFECTIVE AS OF FEBRUARY 04, 2022

  **AND NOW**, this _____ day of _____, 2022, upon consideration of the Debtor's Motion to Deem Bankruptcy Filing Effective as of February 4, 2022, and the objection of LoanCare, LLC, and after hearing, it is hereby

  **ORDERED** that Debtor's Motion to Deem Bankruptcy Filing Effective as of February 04, 2022 is denied.

              BY THE COURT:

              **Hon. Mark J. Conway**
              **U.S. Bankruptcy Court Judge**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# WILKES-BARRE DIVISION

| | |
|---|---|
| In re: <br><br> **James Robert Mullen,** <br>          Debtor. <br><br> **James Robert Mullen,** <br>          Movant, <br>   v. <br><br> **LoanCare, LLC,** <br>          Respondent. | Bankruptcy **5:22-bk-00237-MJC** <br><br> Chapter 13 <br><br> Related to Doc. No. **27** |

## CERTIFICATE OF SERVICE

      I certify under penalty of perjury that I served the Objection to Debtor's Motion to Deem Bankruptcy Filing Effective as of February 4, 2022, at the addresses specified below on <u>May 16, 2022</u>.

      The types of service made on the parties were:

By First-Class Mail:

James Robert Mullen
539-541 N. Garfield Ave.
Scranton, PA 18504

Tullio DeLuca
381 N. 9th Avenue
Scranton, PA 18504

Jack N Zaharopoulos (Trustee)
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

                                                                                   **Robertson, Anschutz, Schneid, Crane &**
                                                                                    **Partners, PLLC**

Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ _Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532                          Email: